2017-1172, -1173

---

# United States Court of Appeals for the Federal Circuit

---

**INDUSTRIAL MODELS, INC.,**
*Plaintiff - Appellant*

v.

**SNF, INC., BRANDFX HOLDINGS, LLC, BRANDFX, LLC, dba BrandFX,**
*Defendants-Cross-Appellants*

---

Appeals from the United States District Court for the Northern District of Texas in No. 4:15-cv-00689-A, Judge John H. McBryde

---

## PLAINTIFF-APPELLANT'S MOTION FOR SANCTIONS PURSUANT TO RULE 38 AND INHERENT POWERS OF THE COURT

---

Peter N. Jansson
Eric V.C. Jansson
Molly H. McKinley
JANSSON MUNGER MCKINLEY
    & KIRBY LTD.
601 Lake Avenue
Racine, WI 53403
262/632-6900

David C. Schulte
THOMPSON & KNIGHT LLP
1722 Routh Street, Suite 1500
Dallas, Texas 75201
214/969-1700

*Attorneys for Plaintiff-Appellant*

---

May 11, 2017

# TABLE OF CONTENTS

Table of Contents. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  i

Table of Authorities.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  iii

Table of Abbreviations. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  v

I.   Grounds for Motion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

II.  Relief Sought.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

III. Legal Argument.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

     A. Relevant Law. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

     B. Frivolous and Otherwise Improper Aspects of the Cross-Appeal. . . . . . . . .  2

          1.   Disregarding and Distorting the Record of Threats.. . . . . . . . . . . . .  4

          2.   Disregarding the Finding that Appellees "Acted Collectively". . . .  5

          3.   Distorting the Significance of Appellees' Lack of IP. . . . . . . . . . .  6

          4.   Further Distortions as to Collective Action and IP Ownership.. . . .  6

          5.   Distortions as to "Fixed and Definite" Product Design.. . . . . . . . .  10

          6.   Distortions as to Appellees' Evasions and Self-Contradictions. . .  12

          7.   Further Frivolousness as to BFX's Purported "Trade Dress".. . . .  13

          8.   Frivolousness as to the Fee-Shifting Award. . . . . . . . . . . . . . . . .  16

     C.   Grossly Improper Aspects of Appellees' Response.. . . . . . . . . . . . . . . .  17

          1. Vexatious Response as to Pleading of Sham Litigation.. . . . . . . . . .  17

          2. Vexatious Response as to Pleading of Multilateral Conduct.. . . . . .  19

3. Bad-Faith Response as to Leave to Amend the Complaint. . . . . . . 20

IV. Statement of Opposition. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

V. Conclusion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

Certificate of Interest. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

Certificate of Service. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

# TABLE OF CASES, STATUTES AND OTHER AUTHORITIES

## I. Cases                                                   Page

*Arrowhead Indus. Water, Inc. v. Ecolochem, Inc.*, 846 F.2d 731,
734-35 (Fed. Cir. 1988). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Asberry v. United States*, 692 F.2d 1378, 1382 (Fed. Cir. 1982). . . . . . . . . . . . . . 1

*FilmTec Corp. v. Hydranautics*, 67 F.3d 931, 937-8 (Fed. Cir. 1995). . . . . . . . . . 18

*Hall v. Cole*, 412 U.S. 1, 5 (1973).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Harris v. United States*, 595 Fed. Appx. 993, 994-95 (Fed. Cir. 2015). . . . . . . . . . 2

*Highmark Inc. v. Allcare Health Mgmt. Sys.*, *Inc.*, 572 U.S. __,
134 S. Ct. 1744 (2014). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Lefemine v. Wideman*, 568 U.S. __, 133 S. Ct. 9 (2012). . . . . . . . . . . . . . . . . . . 16

*Miner v. Punch*, 838 F.2d 1407, 1410 (5th Cir. 1988). . . . . . . . . . . . . . . . . . . . . . 19

*Perma Life Mufflers, Inc. v. Int'l Parts Corp.*, 392 U.S. 134, 145 (1948). . . . 19, 20

*Spectators' Commun. Network, Inc. v. Colonial Country Club*,
253 F.3d 215, 220-21 (5th Cir.). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

*United States v. Bollinger*, 775 F.3d 225, 261-64 (5th Cir. 2014). . . . . . . . . . . . . 19

*Walker v. Health Int'l Corp.*, 845 F.3d 1148, 1157 (Fed. Cir. 2017). . . . . . . . . . 1, 2

## II.  Court Rules

Fed. R. App. P. 38. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2

Fed. R. Civ. P. 12(b)(6). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

## III. Statutes

15 U.S.C. § 1117(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 16

17 U.S.C. § 505. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 16

35 U.S.C. § 285. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 16

# TABLE OF ABBREVIATIONS

## Parties

| | |
|---|---|
| Industrial Models | Plaintiff-Appellant, Industrial Models, Inc. |
| Appellees | Defendants - Cross-Appellants, SNF, Inc., BrandFX, LLC and BrandFX Holdings, LLC |
| SNF *or* Appellee SNF | Defendant - Cross-Appellant SNF, Inc. |
| BFX *or* Appellee BFX | Defendant - Cross-Appellant BrandFX, LLC |
| BFXH *or* Appellee BFXH | Defendant - Cross-Appellant BrandFX Holdings, LLC |

## Defined Terms

| | |
|---|---|
| Rule 38 | Federal Rule of Appellate Procedure 38 |
| Appx | the Joint Appendix in the above-captioned appeals |
| FUBs | fiberglass utility bodies, an automotive body product |
| IPAA | Intellectual Property Assignment Agreement |
| APRA | Asset Purchase and Recapitalization Agreement |

## I.  Grounds for Motion

Industrial Models brings this motion, pursuant to Federal Rule of Appellate Procedure 38 ("Rule 38") and the inherent, equitable powers of this Court, based on the frivolousness and gross impropriety of Appellees' cross-appeal and the like impropriety of Appellees' response to Industrial Models' appeal.

## II.  Relief Sought

By this motion, Industrial Models seeks an order (1) deeming frivolous and therefore dismissing Appellees' cross-appeal, (2) deeming substantively improper Appellees' brief opposing Industrial Models' appeal, and (3) awarding double the reasonable fees and costs incurred in responding/replying to the Brief of Defendants-Cross-Appellants [ECF No. 37] and in making this motion.

## III.  Legal Argument

This motion concerns each of Appellees alike, the three of them having acted as one before this Court, just as they did before the district court.

### A.    Relevant Law

A frivolous appeal "will result in imposition of damages and costs... ." *Asberry v. United States*, 692 F.2d 1378, 1382 (Fed. Cir. 1982).  This Court has a "longstanding policy of enforcing Rule 38 vigorously."  *Walker v. Health Int'l Corp.*, 845 F.3d 1148, 1157 (Fed. Cir. 2017).  Rule 38 invites awards of "just damages and single or double costs to the appellee."  Fed. R. Civ. P. 38.

1

An appeal is frivolous *as filed* if "the judgment by the tribunal below was so plainly correct and the legal authority contrary to appellant's position so clear that there really is no appealable issue." *Walker*, 845 F.3d at 1154 (citation omitted).

An appeal is frivolous *as argued* if "the appellant's misconduct in arguing the appeal justifies such a holding." *Id.* at 1154 (citation omitted). This includes "distorting the record," "disregarding or mischaracterizing the clear authority against [the appellant's] position," or "attempting to draw illogical deductions from the facts and the law." *Id.* at 1154 (citation omitted).

Beyond Rule 38, this Court has inherent power "to dismiss an appeal as frivolous when it presents no arguably meritorious issue" and to grant sanctions. *Harris v. United States*, 595 Fed. Appx. 993, 994-95 (Fed. Cir. 2015) (citation and internal quotes omitted). This Court also has inherent power to award fees when a party "has acted in bad faith, vexatiously, wantonly, or for oppressive reasons," regardless of whether such activity is in the making of an appeal or in response to one. *Walker*, 845 F.3d at 1153 (quoting *Hall v. Cole*, 412 U.S. 1, 5 (1973)).

### B.    Frivolous and Otherwise Improper Aspects of the Cross-Appeal

As to the cross-appeal, this motion is made under Rule 38 for reason of frivolousness *as filed* and *as argued*, and also under the inherent powers of the Court for reason of gross impropriety in the cross-appeal, as described herein.

2

The cross-appeal is frivolous as to *all* issues raised by the cross-appeal; thus the cross-appeal is frivolous in its entirety.

The cross-appeal is frivolous for numerous reasons in appealing against Industrial Models' declaratory judgment standing, including that, for example: (1) the cross-appeal ignores and frivolously downplays the huge record of Appellees' threats, allegations and litigation against Industrial Models since 2013, which gave rise to Industrial Models' declaratory judgment standing; and (2) the district court correctly made a factual finding that, in the dispute between the parties, Appellees "acted collectively, without distinction among them" (Appx16), a finding not challenged by the cross-appeal yet fatal to arguments in the cross-appeal.

The cross-appeal is also frivolous for numerous reasons in appealing against the district court's finding that Appellees failed to identify anything amounting to a trade dress right, including that, for example: (1) the cross-appeal presents no argument or basis whatsoever to suggest that the "trade dress" alleged by Appellees is even material to the case; and (2) the district court correctly made factual findings that Industrial Models' product design is unlike Appellees' product design (Appx22, Appx26), and the cross-appeal ignores such findings.

The cross-appeal is also frivolous for numerous reasons in appealing against the district court's fee-shifting award under 15 U.S.C. § 1117(a), 35 U.S.C. § 285 and 17 U.S.C. § 505, including that, for example, the cross-appeal ignores the

controlling "abuse of discretion" standard of review and argues in a way that improperly seeks *de novo* review.

This and other frivolousness and other impropriety in the cross-appeal before this Court are detailed in the following sections of this brief.

### 1.    Disregarding and Distorting the Record of Threats

The cross-appeal is frivolous because it ignores and downplays the huge record of Appellees' threats, allegations and actual litigation against Industrial Models, which created Industrial Models' declaratory judgment standing.  Such record, laid out in pages 8-28 of Plaintiff-Appellant's Response and Reply Brief [ECF No. 42] and in the Appendix citations therein (and earlier laid out to the district court in like manner, *see* Appx1032-47), shows beyond any question that Industrial Models faced a continuing barrage of trade dress, patent and copyright infringement allegations, litigation threats and actual litigation by BrandFX Body Company, the business owned and run by all three Appellees.

The record shows beyond any question that such allegations, litigation threats and actual litigation continued long after August 30, 2013, the date when Appellees BFXH and BFX got involved in BrandFX Body Company – and that none of Appellees ever retracted the litigation threats, despite Industrial Models' repeated requests that they do so.  *See* Plaintiff-Appellant's Response and Reply Brief [ECF No. 42] at pp. 17-28 and Appendix citations therein.  By ignoring and

downplaying this robust factual record, Appellees distort the record on which Industrial Models' standing is based; thus, the cross-appeal against standing is frivolous *as argued*.  Moreover, given the clarity and extent of such factual record showing standing, Appellees' cross-appeal against standing is frivolous *as filed*.

### 2.    Disregarding the Finding that Appellees "Acted Collectively"

The cross-appeal is also frivolous because it ignores the district court's finding of fact that Appellees "acted collectively, without distinction among them" against Industrial Models.  Appx16, Appx33.  The cross-appeal contends that each Appellee has its own circumstances but does not challenge (or even address) the factual finding of Appellees' *collective* action against Industrial Models. Obviously, entities can act together even if they have some corporate separateness, and this is what the district court found Appellees did.

By cross-appealing against standing in a way that ignores the district court's finding of Appellees' collective action, Appellees distort the record and make a cross-appeal that is frivolous both *as filed* and *as argued*.  Only after Industrial Models' Response and Reply Brief (*see* pages 28, 38 and 54) pointed out this failure in the cross-appeal did Appellees even acknowledge the district court's finding – in a footnote in their reply brief.

### 3.    Distorting the Significance of Appellees' Lack of IP

The cross-appeal is also frivolous and vexatious *as filed* and *as argued* because, in appealing against standing, the cross-appeal incredibly attempts to make a virtue of Appellees' lack of relevant intellectual property rights. This is a bully's defense: first they threaten Industrial Models, then when facing declaratory judgment they say they have no rights, as if that were a defense. This is the type of situation addressed by the Federal Circuit in *Arrowhead Indus. Water, Inc. v. Ecolochem, Inc.*, 846 F.2d 731, 734-35 (Fed. Cir. 1988), cited at pages 35-36 of Industrial Models' Response and Reply Brief: the Declaratory Judgment Act does not permit Appellees to threaten Industrial Models and then bob and weave to avoid declaratory judgment litigation and rulings.

After all the threats, Appellees' tactical arguments concerning lack of rights supported declaratory judgment; such arguments do not enable Appellees to *avoid* judgment. Appellees could have avoided declaratory judgment litigation and the declaratory judgment rulings by simply retracting their threats – but, as the district court correctly found, they never did. Appx16, Appx32, Appx1262, Appx2718.

### 4.    Further Distortions as to Collective Action and IP Ownership

The cross-appeal deceptively contends that there can be no declaratory judgment standing as to SNF and BFXH because of those two Appellees' alleged particular situations. Appellees' documents expressly disprove such contentions.

The cross-appeal's contention that SNF has been uninvolved and had no intellectual property rights since August 30, 2013 is shown to be false by Appellees' own documents, which show that SNF has, since August 30, 2013, been a major shareholder of BFXH, sole owner of BFX, the entities to which SNF transferred its intellectual property and with which it acted collectively thereafter. Appx475, Appx742-43, Appx747-48.  SNF hold 10,970,625 Preferred Units and 1,029,375 Common Units of BFXH stock, since August 30, 2013.  Appx475.

The cross-appeal's contention that BFXH has been uninvolved and "never owned" intellectual property rights also is shown to be false by Appellees' same documents, which state that SNF assigned and transferred all its intellectual property to BFXH on August 30, 2013, and that BFXH then directed such rights to be transferred to SNF-owned BFXH's wholly-owned subsidiary, BFX.  Appx747.

At one point in the cross-appeal (Brief of Defendants-Cross-Appellants at page 54), Appellees state that "[BFXH] never owned the IP [assigned by SNF]," but the declaration and document they cite (Appx462 and Appx747) do not support such statement and, in fact, expressly contradict such statement and show how the three Appellees set themselves up to act together from August 30, 2013 onward.  The document page they cite (Appx747) is from an Intellectual Property Assignment Agreement ("IPAA") expressly identifying BFXH as the "purchaser" of all SNF "intellectual property."  Appx747.  The same page states that, by an

Asset Purchase and Recapitalization Agreement ("APRA") made on August 30, 2013, BFXH "agree[d] to purchase and acquire from [SNF], and [SNF] agree[d] to sell, convey, assign, transfer and deliver to [BFXH], all of [SNF's] right, title and interest in and to ... intellectual property." Appx747. The same page goes on to say that, "at the direction of [BFXH]," SNF "assign[ed]" all its intellectual property to BFX, the wholly-owned subsidiary of SNF-owned BFXH.

The fundamental relationship between the three Appellees is shown in the APRA (*see*, *e.g.*, Appx475) and related documents including without limitation the IPAA (Appx747-52) and Appellees' Bill of Sale and Assignment and Assumption Agreement (Appx742-45), all in the district court's record at summary judgment.

For example, the IPAA at page 2, section 4, identifies BFX, as of August 30, 2013, as —

> [SNF's] true and lawful attorney, with full power of substitution, in [SNF]'s name and stead, to ... institute and prosecute, in [SNF]'s name or otherwise, any and all proceedings at law, in equity or otherwise, which [BFX] may deem proper for the ... enforcement of any claim or right of any kind ... , and to do all acts and things in relation to the Intellectual Property Assets conveyed hereby ... .

Appx747-48. This shows the specific legal mechanism by which BFX participated in and drove SNF's continuing litigation, litigation threats and infringement allegations against Industrial Models from August 30, 2013 onward. Thus, Appellees' own documents dramatically contradict the cross-appeal as to

standing.  These facts were before the district court at summary judgment, yet are

ignored by the cross-appeal – a frivolous, vexatious distortion of the record.

In another example, Appellees' documents show that the intellectual

property assigned and transferred by SNF to BFXH and BFX on August 30, 2013

included the trade names "SNF, Inc." and "BrandFX Body Company."  Appx, 475,

Appx747; Declaration of Ben Keller (submitted herewith) at Exs. A-3 & A-4.

This further shows how entirely and inextricably the three Appellees have been

tied up in their common activities since August 30, 2013.  These facts from

Appellees' own documents further contradict the cross-appeal as to standing.

These facts were before the district court at summary judgment, yet are ignored by

the cross-appeal – another frivolous and vexatious distortion of the record.

With all these facts so clearly shown in the record, in Appellees' own

documents, it is frivolous for the cross-appeal to contend that any of Appellees is

uninvolved in the BrandFX Body Company litigation threats, infringement

allegations and actual litigation against Industrial Models, which created Industrial

Models' declaratory judgment standing, including since August 30, 2013.

The cross-appeal tries to obscure this situation by saying falsely that "the

events allegedly giving rise to the claims" did not continue beyond August 30,

2013 and did not even occur during BFX's and BFXH's existence.  Brief of

Defendants-Cross-Appellants [ECF No. 37] at pp. v, 46 and 54.  The record of

Appellees' threats, allegations and litigation against Industrial Models shows

Appellees' contentions to be false. *See* Plaintiff-Appellant's Response and Reply

Brief [ECF No. 42] at pp. 17-28. Thus in this further way the cross-appeal

frivolously and vexatiously distorts the record.

For all these reasons, the cross-appeal is frivolous *as filed* and *as argued*.

### 5. Distortions as to "Fixed and Definite" Product Design

The cross-appeal is also frivolous *as filed* and *as argued* because, in

appealing against standing, it vexatiously distorts the record by contending that

Industrial Models lacks a "fixed and definite" product design for purposes of

declaratory judgment. The record is absolutely clear that Industrial Models'

product design at issue is the one specifically addressed by Appellees' threats, by

the declaratory judgment counts, and by the resulting district court orders – *i.e.*,

FUBs made with the Subject Molds, which "necessarily result in FUBs products

like Badger Truck's [THE WARRIOR™] FUBs products shown in [Industrial

Models' submissions to the district court]." Appx16, Appx19, Appx23, Appx26-

28, Appx30-31, Appx777-78, Appx881, 883-90, Appx3200-07.

Appellees' entire argument against "fixed and definite" product design is

based solely on Appellees' vexatious misreading of a July 22, 2016 declaration

(Appx880-82) made by the owner of Industrial Models. At pages 58 and 59 of the

Brief of Defendants-Cross-Appellants [ECF No. 37], Appellees distort the content

of such declaration by stringing together statements (without elipses) that are, in fact, separated by 28 relevant lines of text that Appellees tactically omit, and by placing the quoted portions in false context. Industrial Models' response to the cross-appeal pointed out this crude distortion; the silence of Appellees' reply brief goes to show the frivolousness of this part of their cross-appeal. The July 22, 2016 declaration (Appx880-82) clearly identifies Industrial Models' product design at issue, and, as the district court correctly found, the comment in the last two lines of the July 22, 2016 declaration concerning possible future improvements to Industrial Models' FUBs products is merely "gratuitous" – an accurate finding of fact in which Appellees do not and cannot show any error.

Moreover, it should be noted that Appellees' only purported evidence for their argument that Industrial Models lacks a "fixed and definite" design is that same July 22, 2016 declaration, made twelve months after Industrial Models filed its declaratory judgment counts. Appx35. Thus, Appellees' "fixed and definite" design argument is a contention that alleged information from the July 22, 2016 declaration rendered the case moot; yet the cross-appeal expressly disavows any mootness argument, stating that "no party in this case has asserted that standing was mooted by a voluntary act after suit was filed." Also in this way, the cross-appeal's use of the July 22, 2016 declaration is seen to be frivolous and vexatious.

### 6.    Distortions as to Appellees' Evasions and Self-Contradictions

The cross-appeal is also frivolous and vexatious *as filed* and *as argued* because it distorts the record by totally ignoring Appellees' history of evasions and contradictions in the dispute as to their purported intellectual property rights. There are many examples, but a couple suffice to make the point.

The record shows, for example, that Appellees' copyright infringement litigation threats against Industrial Models – and the related count and order for declaratory judgment – specifically concern the Subject Molds.  Yet at summary judgement and now, Appellees focus irrelevantly (and exclusively) on "marketing materials," which have never been an issue in this case.  Brief of Defendants-Cross-Appellants [ECF No. 37] at p. 30; Appx462, Appx466, Appx1293-94, Appx1298, Appx1300, Appx2754, Appx2756.  This is frivolous and in bad faith.

Also, the cross-appeal ignores the uncontested fact that their "trade dress" allegation against Industrial Models has changed radically and bizarrely (while always attacking the Subject Molds).  Earlier, at a Texas state appeals court, when Industrial Models pointed out the absence of any "trade dress" relevant to the Subject Molds, Appellees resorted to arguing a blatantly bogus *business-image* "trade dress," as if somehow relevant.  In this case, contradicting themselves without explanation, they argue *product-design* "trade dress," but the district court found they had never shown an enforceable trade dress of any kind, including at

12

summary judgment.  Appx59-61, Appx779, Appx808, Appx849-51, Appx903-04, Appx3125, Appx3166-68.  The response to the cross-appeal showed Appellees' radical self-contradictions as to the content of their supposed "trade dress"; the silence of Appellees' reply brief further shows the frivolousness of their cross-appeal, which contradicts their earlier "trade dress" contentions without any explanation.

In yet another example, the cross-appeal contends that BFX's latest alleged "trade dress" has a "front-to-back" shape consisting of a convex curve, but this contradicts the testimony of Appellees' executive and shareholder Lee Finley, who testified that the "front-to-back" shape of the alleged "trade dress" consists of a FUB being "narrower at the front than it is at the back."  Appx2498.  Appellees keep frivolously and vexatiously changing their contentions, without explanation.

In refusing to engage the record of Appellees' blatant evasions and self-contradictions, the cross-appeal is frivolous, vexatious and in bad faith.

### 7.    Further Frivolousness as to BFX's Purported "Trade Dress"

The cross-appeal is also frivolous *as filed* and *as argued* in appealing against the district court's finding (Appx7, Appx9, Appx32) that Appellees failed to identify anything amounting to a trade dress right.  As pointed out above, in asking this Court to find that Appellee BFX has a trade dress, Appellees make no

argument and provide no basis for a finding that the "trade dress" they allege is even material to the case; thus, on its face, the point is entirely frivolous.

Also, as pointed out above, the cross appeal frivolously disregards the district court's important (and uncontested) findings that Industrial Models' product design is unlike the alleged BFX product design described in the cross-appeal. The district court found that Industrial Models' FUBs do not have the front-to-back contour alleged by Appellees and, in a further difference from the alleged BFX "trade dress," have an integrated drip rail. Appx22, Appx26. Despite this, the cross-appeal baselessly disparages Industrial Models FUBs as "knock-offs." Brief of Defendants-Cross-Appellants [ECF No. 37] at pp. ii & 5. The cross-appeal is devoid of any argument as to how the BFX product design alleged by Appellees would raise a genuine issue of material fact. It does not.

In fact, the cross-appeal admits that Appellees have not even attempted an "infringement comparison" between any of their purported intellectual property rights and Industrial Models' product design – so they have not even bothered to contemplate a materiality argument. Reply Brief of Defendants-Cross-Appellants [ECF No. 45] at p. 2. This is especially striking, given that each of the three Appellees expressly denied *non*-infringement at the district court. Appx56 (¶23), Appx61-62 (¶¶45 & 49), Appx75-78 (¶¶101-03, 109-10 & 115-17), Appx165 (¶23), Appx167-68 (¶¶45 & 49), Appx171-72 (¶¶101-03, 109-10 & 115-17).

Moreover, the cross-appeal's only purported evidence for alleged "copying" of an SNF FUB (by a third party) in the making of the Subject Molds is based on inadmissible hearsay evidence set forth in a declaration (Appx2135-37) that was not even before the district court until long *after final judgment* on the declaratory judgment counts.[1]  Such a declaration, obviously, cannot provide any basis for an appeal.  Industrial Models responded to the cross-appeal by pointing out the lack of admissible and timely evidence of any alleged copying, and also by citing the district court's finding that Appellees likewise lacked admissible evidence for their contentions at summary judgment (*see* Plaintiff-Appellant's Response and Reply Brief [ECF No. 42] at pp. 43-44).  Appellees could not muster any rebuttal in reply.  Their use of inadmissible hearsay evidence and evidence not even before the district court goes further to show the frivolousness of their cross-appeal.

Also, the cross-appeal is schizophrenic in saying that the question of whether "BFX has protectable trade dress rights in its utility bodies ... is not before this Court."  Reply Brief of Defendants-Cross-Appellants [ECF No. 45] at p. 23.  This directly contradicts Appellees' own Statement of Issues, which expressly asks this Court to determine "[w]hether the District Court erred in determining that

---

[1] The cross-appeal also attacks the district court's standing and declaratory judgment rulings by citing deposition testimony (Appx2319) and documentary evidence (Appx2337) that were not before the district court until long *after final judgment* on those rulings.  Such materials do not provide any basis for an appeal.

BFX does not have protectable trade dress in its LS utility body product line."
Brief of Defendants-Cross-Appellants at p. 2.

At least for these reasons, the cross-appeal is frivolous, vexatious and made in bad faith on the subject of whether BFX has a protectable trade dress.

### 8.    Frivolousness as to the Fee-Shifting Award

The cross-appeal is also frivolous and vexatious *as filed* and *as argued* in appealing against the district court's fee-shifting award under 15 U.S.C. § 1117(a), 35 U.S.C. § 285 and 17 U.S.C. § 505.

The cross-appeal ignores the controlling "abuse of discretion" standard of review and argues in a ways that seek *de novo* review.

The cross-appeal also frivolously and vexatiously argues that fee-shifting is inappropriate for a declaratory judgment plaintiff – in blatant contradiction to the well-known controlling legal authority, which includes *Lefemine v. Wideman*, 568 U.S. __, 133 S. Ct. 9 (2012), and *Highmark Inc. v. Allcare Health Mgmt. Sys., Inc.*, 572 U.S. __, 134 S. Ct. 1744 (2014).

The cross-appeal also frivolously and vexatiously attacks the district court's imposition of joint-and-several liability for the fee-shifting award while failing to acknowledge (or appeal against) the factual finding that Appellees had "acted collectively, without distinction among them" against Industrial Models – a factual finding that fully supports the imposition of joint-and-several liability.

16

### C.    Grossly Improper Aspects of Appellees' Response

This motion also concerns the frivolous, bad-faith, vexatious and wanton response filed by Appellees in opposition to Industrial Models' appeal, and in this part is also brought pursuant to the inherent, equitable power of the Court.

The Brief of Defendants-Cross-Appellants [ECF No. 37] is frivolous and grossly improper in numerous ways as to all of Industrial Models' appeal issues, including for reasons of vexatiousness, wantonness and bad faith.  Some especially egregious examples are described in following portions of this brief.

### 1.    Vexatious Response as to Pleading of Sham Litigation

In responding to Industrial Models' appeal, Appellees vexatiously mischaracterize and disregard Industrial Models' specific and detailed pleading of sham litigation, and advance arguments that contradict clear controlling precedent.

As to the pleading of sham "trade dress" litigation, the Brief of Plaintiff-Appellant [ECF No. 31] at pages 17-21 cites dozens of specific paragraphs in the Complaint, specifying the paragraphs' factual significance in making a detailed pleading of sham litigation.  Appellees' response completely ignores all this factual specificity in the Complaint and contends wantonly that there is no pleading of sham, despite the detailed showing in Industrial Models' opening brief – including that Appellees knew they had no relevant right yet baselessly sued Industrial Models and threatened litigation for supposed "infringement."  *See, e.g.,*

Brief of Defendants-Cross-Appellants [ECF No. 37] at p. 21.

Industrial Models' appeal is just as detailed and specific concerning the pleading of sham "patent" and "copyright" allegations and litigation threats – and again Appellees completely ignore all the factual specificity in the Complaint as detailed in Industrial Models' opening brief, wantonly contending that there is no pleading of sham. *See* Brief of Plaintiff-Appellant [ECF No. 31] at pp. 21-23 (as to sham "patent" litigation threats) and pp. 24-25 (as to sham "copyright" litigation threats); Brief of Defendants-Cross-Appellants [ECF No. 37] at p. 21.

Appellees say they "boil" the pleading "to its essentials." Brief of Defendants-Cross-Appellants [ECF No. 37] at p. 21. Actually, they knowingly disregard the essential content of the Complaint, pretending it is not there.

Also, Appellees oppose the pleading of sham litigation by making vexatious arguments directly contradictory to well-known controlling law. This includes Appellees' argument that the district court (and this Court) may not independently assess the merits of Appellees' predicate Texas state lawsuit against Industrial Models – a sham suit rightly called a sham by the Complaint. Controlling law clearly calls for independent assessment of a predicate suit alleged to be a sham. *See FilmTec Corp. v. Hydranautics*, 67 F.3d 931, 937-8 (Fed. Cir. 1995). Appellees do this despite knowing that the lone (default) ruling obtained in their predicate sham litigation against Industrial Models was vacated as erroneous and

thus is an absolute nullity under controlling law. *Miner v. Punch*, 838 F.2d 1407, 1410 (5th Cir. 1988). In this, they also wantonly disregard the clear rule that pleadings-stage inferences are drawn in the plaintiff's favor. *United States v. Bollinger*, 775 F.3d 225, 261-64 (5th Cir. 2014). And they make these vexatious arguments even after the district court's later merits-based ruling at summary judgment, based on clear evidence, that Appellees have no relevant trade dress, patent or copyright.

### 2.   Vexatious Response as to Pleading of Multilateral Conduct

Appellees' response to Industrial Models' appeal also vexatiously disregards the specific and detailed pleading and argument of multilateral conduct in violation of the Sherman Act. Just as one instance of such multilateral conduct suffices to show Industrial Models succeeded in pleading multilateral conduct, one example of Appellees' vexatious response on the issue suffices to show that their response is improper and sanctionable. A clear example is Appellees' illogical response concerning multilateral conduct between themselves and Industrial Models as a *coerced* victim. Brief of Defendants-Cross-Appellants [ECF No. 37] at pp. 31-32. Their response completely disregards clear and controlling Supreme Court and other precedent under which a pleading of conduct made multilateral by participation of a *coerced* victim is sufficient, as cited by Industrial Models. *See* Brief of Plaintiff-Appellant at pp. 57-58 (citing, *e.g.*, *Perma Life Mufflers, Inc.*

*v. Int'l Parts Corp.*, 392 U.S. 134, 145 (1948), and *Spectators' Commun. Network, Inc. v. Colonial Country Club*, 253 F.3d 215, 220-21 (5th Cir.)).

### 3.    Bad-Faith Response as to Leave to Amend the Complaint

Appellees' respond in bad faith and vexatiously to Industrial Models' appeal against denials of leave to amend the Complaint.  They say that Industrial Models moved for leave in "bad faith" and with "undue delay."  But they do not and cannot identify any "bad faith" whatsoever; and they do not and cannot identify any "delay" – undue or otherwise.  *See* Brief of Defendants-Cross-Appellants [ECF No. 37] at pp. 37-40.  It is ridiculous for Appellees to contend, as they do, that the passage of just six weeks from a Rule 12(b)(6) dismissal to a motion for leave to amend is "undue delay."  And it is particularly vexatious that Appellees' response to Industrial Models' appeal *baselessly* alleges "bad faith."

### IV.   Statement of Opposition

Appellees have stated that they will file a brief in opposition to this motion.

### V.   Conclusion

For all reasons stated herein, Industrial Models respectfully requests that this motion be granted and the relief requested in Section II, *supra*, be awarded.

Respectfully submitted,

s/Peter N. Jansson
Peter N. Jansson, an attorney for
Industrial Models, Inc.

20

**CERTIFICATE OF INTEREST FOR PLAINTIFF-APPELLANT**

The undersigned counsel for plaintiff-appellant Industrial Models, Inc. certifies the following:

1. The full name of every party represented by me is Industrial Models, Inc. ("Industrial Models").

2. The plaintiff-appellant, Industrial Models, named in the case caption is the real party in interest.

3. All parent corporations and any publicly held companies that own more than 10 percent or more of the stock of the party represented by me are: None.

4. The names of all law firms and the partners or associates that appeared for the party now represented by me in the trial court or are expected to appear in this court are: Jansson Munger McKinley & Kirby Ltd., Peter N. Jansson, Molly H. McKinley and Eric V.C. Jansson (principal counsel); Thompson & Knight LLP, David C. Schulte (local counsel); and Whitaker Chalk Swindle & Schwartz PLLC, Thomas F. Harkins, Jr. and Thomas S. Brandon, Jr. (former local counsel).

Respectfully submitted,

Date: May 11, 2017         s/Peter N. Jansson
                           Peter N. Jansson

                           Attorney for Plaintiff-Appellant,
                           Industrial Models, Inc.

21

# CERTIFICATE OF SERVICE

I, Peter N. Jansson, hereby certify that I have this day caused the

PLAINTIFF-APPELLANT'S MOTION FOR SANCTIONS PURSUANT TO

RULE 38 AND INHERENT POWERS OF THE COURT and attached

DECLARATION OF BEN KELLER to be filed via the Federal Circuit Court's

CM/ECF system which operates to serve such papers on all counsel of record.


Date: May 11, 2017                    s/Peter N. Jansson
                                      Peter N. Jansson